UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER G.,

                            **Plaintiff,**
        vs.
                                              **5:22-CV-996**
                                              **(MAD/ML)**
COMMISSIONER OF SOCIAL SECURITY,

                            **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**OLINKSKY LAW GROUP**                 **HOWARD D. OLINKSKY, ESQ.**
250 S. Clinton Street, Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**U.S. SOCIAL SECURITY ADMINISTRATION**   **FERGUS J. KAISER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On March 2, 2020, Jennifer G. ("Plaintiff") protectively filed an application for Supplemental Security Income, alleging a disability onset date of April 24, 2019. *See* Administrative Transcript ("Tr.") at 222-28. Her application was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). *See id.* at 88-132. On November 1, 2021, ALJ Jennifer Gale Smith issued an unfavorable decision, finding that Plaintiff was not disabled during the relevant time period. *See id.* at 11-21. On July 26, 2022, the Social Security Appeals Council ("Appeals Council") denied Plaintiff's request for review of the ALJ's decision, and ALJ

1

Smith's decision became the Commissioner of Social Security's (the "Commissioner") final decision. *See id.* at 1-6.

On September 21, 2022, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's decision. *See* Dkt. No. 1. In a Report-Recommendation dated September 6, 2023, Magistrate Judge Miroslav Lovric recommended (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 14.

Neither party has filed objections to the Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews those recommendations for clear error. *See Rosas v. Kijakazi*, No. 6:21-CV-1273, 2023 WL1794557, *1 (N.D.N.Y. Feb. 7, 2023) (citing *Peterson v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012)). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1, n.1 (N.D.N.Y. Nov. 14, 2017) (quotation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Lovric found, remand is warranted because ALJ Smith failed to properly evaluate the persuasiveness of all the mental health opinions. *See Colgan v. Kijakazi*, 22 F.4th 353, 362 (2d Cir. 2022) ("[A]n ALJ commits legal error in resting his disability determination on 'a one-time snapshot of a claimant's status' because that episode 'may not be indicative of her longitudinal mental health'") (quoting *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019)). Specifically, an

ALJ must "'explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *1 (2d Cir. June 17, 2022) (citation omitted).

Additionally, as Magistrate Judge Lovric concluded, remand is warranted because ALJ Smith failed to discuss all of the relevant evidence related to Plaintiff's physical limitations. *See* Dkt. No. 14. Although an ALJ is not required to "reconcile every conflicting shred of medical testimony," *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981), an ALJ must sufficiently discuss the factors upon which their determination rests in order for the Court to decide whether the determination is supported by substantial evidence. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984); *see also Pamela P. v. Saul*, No. 3:19-CV-575, 2020 WL 2561106, *4 (N.D.N.Y. May 20, 2020) (explaining that an "ALJ must build an accurate and logical bridge from the evidence to [his or her] conclusion") (citation and quotation marks omitted).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's September 6, 2023, Report-Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that the Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further

proceedings consistent with this Order and Magistrate Judge Lovric's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 3, 2023
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge